**Rosita M. SANDOVAL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 02–3362.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 26, 2003.

ON MOTION

Before MICHEL, RADER, and SCHALL, Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

Rosita M. Sandoval moves for leave to proceed in forma pauperis. The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision affirming OPM's denial of Sandoval's claim for benefits on the basis of res judicata. Sandoval opposes and submits a motion to "reopen

and reconsider" *Sandoval v. OPM,* 94–3476, 1995 WL 470561.*

Sandoval sought a survivor annuity at OPM based on the federal service of her deceased husband, Florante D. Sandoval. OPM denied her request because her claim was dependent on the determination that her spouse was eligible for benefits, and his claim for benefits had been denied previously. The Board affirmed on the ground that Sandoval's annuity claim was barred by the doctrine of res judicata.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). The Board adjudicated Florante D. Sandoval's CSRS eligibility, and this court summarily affirmed. *See Sandoval v. Office of Personnel Management,* 63 M.S.P.R. 71 (1994) (Table), aff'd, 64 F.3d 674 (Fed.Cir.1995) (Table). Because Rosita Sandoval's eligibility for a survivor annuity is dependent on Florante Sandoval's CSRS eligibility, which has already been adjudicated, her claim is barred by the doctrine of res judicata. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

The Board correctly concluded that Sandoval's claim was barred. We conclude that no substantial question regarding the outcome of this petition for review exists; therefore, summary affirmance is appropriate. Furthermore, if Sandoval files another document with this court and, upon review, it is determined that the arguments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed. Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues

---

* This case was decided over eight years ago.

Thus, we do not consider Sandoval's motion.

and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *see also Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration); *compare Mallard v. United States Dist. Court,* 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (28 U.S.C. § 1915(d) authorizes federal courts to dismiss frivolous claim filed in forma pauperis, but there is "little doubt they would have power to do so even in the absence of this statutory provision").

Accordingly,

IT IS ORDERED THAT:

(1) Sandoval's motion for leave to proceed in forma pauperis is moot

(2) The Office of Personnel Management's motion for summary affirmance is granted.

(3) Each side shall bear its own costs.