**YA YING CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 08–6244–ag.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2009.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, RICHARD C. WESLEY and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Ya Ying Chen, a native and citizen of the People's Republic of China, seeks review of a December 4, 2008 order of the BIA, denying her motion to reopen. *In re Ya Ying Chen*, No. A077 283 031 (B.I.A. Dec. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we decline to grant the government's motion for summary disposition of Chen's petition for review because her petition is not frivolous. *Cf. Pillay v. INS*, 45 F.3d 14, 17 (2d Cir.1995) (recognizing that the Court has the "inherent authority ... to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for [ ] consideration."). Nonetheless, because we are not persuaded that the BIA erred in denying Chen's motion to reopen, we deny the petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

There is no dispute that Chen's July 2008 motion to reopen was untimely because the BIA issued a final order of removal more than five years earlier in December 2002. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limitation for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Chen's motion to reopen did not qualify for such an exception.

Chen waives any challenge to the BIA's finding that she failed to demonstrate changed country conditions in China based on the birth of her two U.S. citizen children. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). Indeed, Chen's sole argument is that the BIA abused its discretion in failing to explain its reason for finding that the notice from the Lingnan Village Committee of Tantou Town, Changle City ("Notice") did not demonstrate changed circumstances in China related to her Falun Gong claim because said Notice indicated that local government officials had become aware of her practice of Falun Gong in the United States and wanted to punish her for such activities.

We have rejected the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted), and we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Nonetheless, the BIA abuses its discretion if it fails completely to address evidence of changed country conditions. *See Wei Guang Wang,* 437 F.3d at 275; *see also Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir. 2005). However, while the agency must review evidence that it "is asked to consider time and again, ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Wei Guang Wang,* 437 F.3d at 275.

The BIA did not err in summarily declining to find that Chen's evidence demonstrated changed circumstances in China. Indeed, the BIA is asked to consider, time and again, similar unauthenticated notices

purportedly from Chinese government officials stating that they have discovered a Chinese national's violation of China's laws and ordering that individual to return to China for punishment. *See id.* We cannot find that the BIA erred in declining to credit as evidence of changed circumstances the unauthenticated Notice Chen submitted, particularly given the agency's underlying finding that her claim of a well-founded fear of persecution was implausible. *Cf. Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–49 (2d Cir.2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007)). In fact, we note the implausibility of Chen's assertion that local government officials in China discovered her practice of Falun Gong in the United States because unidentified Chinese nationals visiting New York happened to photograph her practicing Falun Gong and somehow gave the photographs to Chen's local village committee. *See Siewe,* 480 F.3d at 168–69.

Accordingly, because the BIA did not abuse its discretion in summarily considering and rejecting the evidence Chen submitted, it reasonably denied her motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the Respondent's motion for summary disposition is DENIED and, upon plenary consideration, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance

with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).