Zou v. Sessions

BIA
Van Wyke, IJ
A089 167 620

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of November, two thousand seventeen.

PRESENT:
            JOSÉ A. CABRANES,
            ROBERT D. SACK,
            SUSAN L. CARNEY,
                *Circuit Judges.*
_____

JIN ZOU,
            *Petitioner,*

            v.                                          16-3202
                                                        NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:          Zhou Wang, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Julie M. Iversen,
                         Senior Litigation Counsel; Kathryn
                         M. McKinney, Attorney; Lindsay G.
                         Donahue, Law Clerk, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Zou, a native and citizen of the People's Republic of China, seeks review of an August 31, 2016, decision of the BIA affirming an April 23, 2015, decision of an Immigration Judge ("IJ") denying Zou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Zou,* No. A 089 167 620 (B.I.A. Aug. 31, 2016), *aff'g* No. A 089 167 620 (Immig. Ct. N.Y. City Apr. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Zou's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Zou has filed his merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

## I. Adverse Credibility Determination

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and consider only whether the factual findings that the BIA relied on provide substantial

2

evidence for the adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (substantial evidence review); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005) (reviewing IJ's decision as modified by BIA).

Zou raises arguments identical to those in his brief to the BIA. As a result, he challenges findings made by the IJ that were not relied on by the BIA and that are no longer part of the agency decision. *See Xue Hong Yang*, 426 F.3d at 522. In addition, by failing to challenge any of the four grounds the BIA relied on in upholding the adverse credibility determination, he has waived any challenge to them. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) (petitioner waived challenge to grounds for adverse credibility ruling that were not raised in brief); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived). Accordingly, Zou has waived any challenge to the adverse credibility determination and we reach the merits only as to his fear of future persecution based on his practice of Christianity in the United States.

**II. Well-Founded Fear of Persecution**

The agency accepted that Zou practices Christianity in the United States. To establish a well-founded fear of persecution

3

in the absence of past persecution, Zou was required to show an objectively reasonable fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Because his fear would be based solely on activities in the United States, Zou was required to "make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008). The objective component can be satisfied either (1) by establishing a reasonable possibility that he "would be singled out individually for persecution" or (2) by demonstrating "a pattern or practice . . . of persecution of a group of persons similarly situated to [him]." *Hongsheng Leng*, 528 F.3d 135 at 142 (quotation marks and citation omitted); *see* 8 C.F.R. § 1208.13(b)(2)(iii). A pattern or practice of persecution is the "systemic or pervasive" persecution of a group. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007). Given that the country conditions evidence showed that only segments of the Christian population are targeted for arrest and detention and the absence of any reports of arrest in Zou's home province of Fujian, the agency reasonably concluded that he did not establish that the Chinese government would become aware of his Christianity or

4

target him on this basis. *See Shi Jie Ge v. Holder*, 588 F.3d 90, 95-96 (2d Cir. 2009).

### III.  Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion, and review the BIA's conclusions regarding country conditions for substantial evidence. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies . . . is devoid of any reasoning, or contains only summary or conclusory statements . . . that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

The BIA erred in concluding that the State Department's 2014 International Religious Freedom report was available at the time of Zou's February 2015 hearing because it was not published until October 2015. However, the BIA reasonably concluded that the new reports would not change the outcome of Zou's case. Zou does not cite to any information in either report that would alter the agency's conclusion. The 2014 report does not reflect any incidents of arrest or harassment

5

of Christians in Zou's home province or a significant increase in the number of Christians arrested throughout China. *See Jian Hui Shao*, 546 F.3d at 165 (upholding BIA's requirement that applicant demonstrate that officials in his local area enforce a government policy when evidence demonstrates local variations in enforcement of that policy). The second report merely incorporates the first by reference and provided no independent basis for remand.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk