*Wang v. Sessions*

BIA
A077 977 498

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        DENNY CHIN,
                *Circuit Judges.*

_____

JIN SHUAN WANG, AKA YAN SHI YU,
            *Petitioner,*

        v.                                          16-2714

                                                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Janice K. Redfern;
                       Lindsay B. Glauner, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Shuan Wang, a native and citizen of the People's Republic of China, seeks review of a July 14, 2016, decision of the BIA denying Wang's untimely motion to reopen proceedings to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Shuan Wang,* No. A077 977 498 (B.I.A. July 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Wang's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Wang has filed his merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

We review the BIA's denial of Wang's motion to reopen for abuse of discretion, and review the BIA's factual findings regarding country conditions under the substantial evidence

standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

It is undisputed that Wang's 2016 motion to reopen was untimely because his removal order became final in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)(setting 90-day filing period for motions to reopen); 8 C.F.R. § 1003.2(c)(2)(same). Although this time limitation does not apply if the motion is "based on changed country conditions" since the time of the original hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), as discussed below, the BIA's conclusion that Wang failed to establish such a change is supported by substantial evidence, *see Jian Hui Shao*, 546 F.3d at 169.

The BIA reasonably concluded that Wang did not establish a material change in country conditions, given that a 2005 State Department report in the record reflected that members of unregistered churches in China faced mistreatment including arrest, imprisonment, interrogation, and in some cases, "severe physical abuse." U.S. State Dep't, China: Profile of Asylum Claims and Country Conditions 5-6 (Oct. 2005); *Jian Hui Shao*, 546 F.3d at 157. Accordingly, Wang's more recent evidence showing arrests and beatings of unregistered church members did

not reflect any material change in conditions. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Given the evidence of a continuation of conditions, the BIA did not abuse its discretion in denying Wang's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

Because the BIA's timeliness ruling is dispositive, we do not reach the BIA's alternative holding regarding Wang's prima facie eligibility for asylum, withholding of removal, or CAT relief. 8 U.S.C. § 1229a(c)(7)(C)(i); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial and Petitioner's stay motion are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

4

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk