Lin v. Sessions

BIA
Zagzoug, IJ
A205 444 989

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand eighteen.

PRESENT:
>       ROBERT A. KATZMANN,
>       GUIDO CALABRESI,
>       DENNY CHIN,
>           *Circuit Judges.*

_____

JIE LIN,
>       *Petitioner,*

>       v.                                          17-364
                                                     NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gang Zhou, Law Office of Gang
                       Zhou, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Stephen J.
                       Flynn, Assistant Director; James
                       A. Hurley, Arthur L. Rabin, Trial
                       Attorneys, Office of Immigration
                       Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jie Lin, a native and citizen of the People's Republic of China, seeks review of a January 11, 2017, decision of the BIA affirming a February 19, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie Lin,* No. A 205 444 989 (B.I.A. Jan. 11, 2017), *aff'g* No. A 205 444 989 (Immig. Ct. N.Y. City Feb. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Lin's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Lin has filed his merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

We have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. Dep't of*

2

*Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.

The agency reasonably relied on inconsistencies between Lin's testimony and that of his witnesses.  For example, Lin initially testified that he introduced his witness and friend, Weiqun Zheng, to his church.  But Zheng unequivocally testified that someone else introduced him to the church and that he first met Lin in the church kitchen.  When confronted with the inconsistency, Lin's explanation—that he actually introduced a former coworker from

3

Maryland—both introduced new inconsistency and was vague given that Lin could not recall the name of that individual. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The agency also reasonably relied on inconsistencies between Lin's testimony and that of his second witness, Weng Quan Wong. Lin testified that he and Wong were last in church together the day before the hearing at which they both testified. Lin testified that they did not sit together because he sat toward the back of the church, whereas Wong sat up front because he is older. Wong testified that they sat together during that service. This inconsistency called into question whether they had attended church together or at all and undermined the reliability of their testimony as a whole. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Finally, the agency reasonably relied on Lin's failure to rehabilitate his testimony about his church attendance. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of

4

corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ did not err in giving limited weight to the evidence Lin did present because he did not proffer the original baptism certificate and the statements from the church were form letters prepared by people who did not testify, one of which contradicted Lin's testimony that he attended church every week. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give limited weight to documentary evidence); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (finding that weight afforded to applicant's evidence in immigration proceedings lies largely within discretion of agency).

In sum, the agency's credibility finding was supported by substantial evidence. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on Lin's allegation that he will continue to practice Christianity if he is returned to China. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because the finding regarding the one-year filing deadline is based on

the dispositive adverse credibility determination, we need not reach Lin's challenges to the agency's conclusion that the asylum application was untimely. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Petitioner's and the Government's motions for summary denial are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court