**Joshua PILLAY, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 94–4117.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 29, 1994.

Decided Jan. 3, 1995.

Joshua Pillay, pro se.

Before: MAHONEY, McLAUGHLIN, and HEANEY,* Circuit Judges.

* The Hon. Gerald W. Heaney, of the United States Court of Appeals for the Eighth Circuit, sitting by

**PER CURIAM:**

Joshua Pillay, *pro se,* has moved this court for the appointment of counsel in connection with his petition for review of a June 27, 1994 decision of the Board of Immigration Appeals (the "BIA") that affirmed the decision of an immigration judge who denied Pillay's application for relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1182(c). Pillay had been convicted in the Supreme Court of the State of New York of six counts of robbery in the first degree and two counts of attempted robbery in the first degree, thus authorizing his deportation under INA § 241(a)(4), now codified at 8 U.S.C. § 1251(a)(2)(A)(ii). Pillay was represented by counsel during his deportation proceedings before the immigration judge and his subsequent appeal to the BIA.

This motion poses two issues. The first is whether an appellant who has paid the required fee in connection with filing an appeal or petition for review may ask the court to assign counsel without having complied with 28 U.S.C. § 1915(a), which requires the provision of an affidavit of indigence in order to proceed *in forma pauperis.* The second is whether this court has the inherent authority to dismiss an appeal that it finds to be frivolous. As to the first issue, a closely related question (the application of an appellant who has not complied with § 1915(a) for a free trial transcript) is now being briefed for decision by another panel of this court, and the issue is moot in this case in any event because of our dismissal of Pillay's appeal as frivolous, as detailed below.

The question of dismissal of an appeal as frivolous ordinarily arises in the context of 28 U.S.C. § 1915(d). This provision authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." In *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Supreme Court

designation.

unanimously set the standard for dismissal of an appeal as frivolous within the meaning of § 1915(d):

The Courts of Appeals have, quite correctly in our view, generally adopted as formulae for evaluating frivolousness under § 1915(d) close variants of the definition of legal frivolousness which we articulated in the Sixth Amendment case of *Anders v. California*, 386 U.S. 738[, 87 S.Ct. 1396, 18 L.Ed.2d 493] (1967). There, we stated that an appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Id.*, at 744[, 87 S.Ct. at 1400]. By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, § 1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

490 U.S. at 325, 109 S.Ct. at 1831 (alterations in *Neitzke*, footnote omitted); *see also Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (in determining whether claim is "frivolous" within meaning of § 1915(d), court not bound, as it usually is when making determination based solely on pleadings, to accept without question truth of *in forma pauperis* plaintiff's allegations).

Pillay, although unrepresented, has not proceeded *in forma pauperis* in pursuing his petition for review, having paid the normal filing fee required by our rules. *See* 2d Cir.R. § 0.17(1). Accordingly, § 1915(d) is not applicable to this appeal, and we may not rely upon it as a basis to dismiss Pillay's appeal. In addition, although Fed.R.App.P. 38 permits the award of damages to an appellee in the case of a frivolous appeal, it does not authorize the dismissal of a frivolous appeal.

We must therefore address the question whether, in the absence of the statutory authority provided by § 1915(d), we have inherent authority to dismiss an appeal as frivolous. We write on a spare, but not clean, slate. The Supreme Court has stated in dictum: "Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision." *Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08, 109 S.Ct. 1814, 1821, 104 L.Ed.2d 318 (1989). Similarly, in *United States v. Fay*, 247 F.2d 662 (2d Cir.1957) (in banc), we said in dictum:

[N]either an indigent defendant nor one possessing the necessary means to pay filing fees, employ an attorney and print his briefs and appendix has any right to require us to entertain a frivolous appeal. In either case this Court has power, on motion by the adverse party or *suo motu*, to dismiss such an appeal.

*Id.* at 665 n. 2; *see also Coppedge v. United States*, 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.Ed.2d 21 (1962) (noting that Fed.R.Crim.P. 39(a), since abrogated, authorized dismissal of frivolous appeal brought by nonindigent appellant) (quoting *Ellis v. United States*, 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958) (per curiam)).[1]

We note in addition that no specific statutory authority authorizes this court's summary affirmance of criminal convictions in *Anders* cases. The primary focus of *Anders* appeals has been to ensure that an attorney who seeks to be relieved on the basis that any issues that might be raised on appeal would be "wholly frivolous" and not "arguable on their merits," *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), has made a thorough analysis of his client's case in reaching this conclusion. When satisfied that this has occurred, however, we routinely grant the government's motion for summary affirmance, without full briefing or oral argument. In substance, the granting of motions for sum-

---

1. Rule 39(a) provided that "[t]he appellate court may at any time entertain a motion to dismiss the appeal." An advisory committee note states that Rule 39 has been "abrogated since the provisions of the rule are transferred to and covered by the Federal Rules of Appellate Procedure," Fed.R.Crim.P. 39 advisory committee's note, but the latter rules contain no explicit counterpart to the quoted provision of Rule 39.

mary affirmance in *Anders* cases is not significantly distinguishable from dismissal of appeals as frivolous, as the Supreme Court recognized in the passage quoted *supra* from *Neitzke*.

■ As a matter of policy, finally, appellate courts certainly have the inherent authority to allocate scarce judicial resources among the petitions and appeals that press for their attention, and such allocations become especially necessary in this era of burgeoning appellate dockets. We recognize, in this context as in others, the need to exercise this authority with care and discrimination to ensure that nonfrivolous claims are fully considered and fairly decided. In this connection, we caution the bar that overreaching attempts to dismiss appeals as frivolous, like excessively zealous claims that adversary counsel should be sanctioned, will not be accorded a friendly reception by this court.

■ Having articulated these caveats, we now conclude, and hold, that this court has inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration.[2] The applicable standards are the same as those articulated by the Supreme Court in *Neitzke* and *Denton* for dismissal of appeals pursuant to § 1915(d).

■ We proceed to apply this rule to Pillay's petition for review, and conclude that his petition is frivolous. We reach this conclusion on the basis of the scope of Pillay's criminal conduct, six robberies and two attempted robberies, and the very broad discretion vested in the BIA with respect to discretionary waivers of deportation pursuant to INA § 212(c). *See Zaluski v. INS*, 37 F.3d 72, 74 (2d Cir.1994) (per curiam) ("We will only find an abuse of discretion where the decision was 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group.' ") (quoting *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994) (prior citation for quotation omitted)). Having considered Pillay's evidence and counseled arguments, the BIA concluded that "a waiver of inadmissibility under section 212(c) of the Act is not merited as a matter of discretion." In our view, Pillay can advance no plausible argument that the BIA abused its broad discretion in reaching this conclusion on the record that was presented to it.

We accordingly dismiss Pillay's petition for review as frivolous, and deny his motion for appointment of counsel as moot.

**2.** This opinion was circulated to the active members of the court prior to filing.