Johnathan JOHNSON, Plaintiff–Appellant,

v.

K. TREMPER, Correctional Officer, Brewer, C.O., Correctional Officer, Defendants–Appellees.

Docket No. 01–225.

United States Court of Appeals, Second Circuit.

June 10, 2002.

---

Johnathan Johnson, Pine City, NY, pro se.

Martin A. Hotvet, Assistant Solicitor General of the State of New York, Albany, N.Y. (Eliot Spitzer, Attorney General of the State of New York, Nancy A. Spiegel, Assistant Attorney General, on the brief), for Appellee.

Present McLAUGHLIN, JACOBS and LEVAL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Johnathan Johnson, *pro se, in forma pauperis,* and incarcerated, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim, alleging retaliatory discipline and violation of his privacy rights.

On two separate occasions, after Johnson showered without using an available curtain, two female correctional officers filed misbehavior reports charging him with exposing himself. Johnson was convicted of both charges at separate prison disciplinary proceedings. Johnson challenged the disciplinary proceedings in New York state court, arguing that the first was predicated on a retaliatory charge, and that his counsel was ineffective at the second.

In his § 1983 claim, Johnson argued that the correctional officers filed their exposure charges as retaliation for complaints he had made or had threatened to make, and that they had violated his privacy rights by watching him shower. The district court dismissed [1] the privacy claim for failure to state a claim, because Johnson had access to a curtain and had chosen not to use it; and [2] the retaliation claim on summary judgment, because the district court lacked jurisdiction under the *Rooker–Feldman* doctrine.

We affirm, albeit on slightly different grounds. *See Beal v. Stern,* 184 F.3d 117, 122 (2d Cir.1999) (holding that an appellate court may affirm for any reason supported by the record).

1. Inmates possess a limited right of bodily privacy, which includes freedom from "the involuntary viewing of private parts of the body" by guards of the opposite sex. *Forts v. Ward,* 621 F.2d 1210, 1217 (2d Cir.1980); *see also Covino v. Pa-*

*trissi,* 967 F.2d 73, 78 (2d Cir.1992). Johnson's complaint alleges that his right to privacy was violated when female guards were posted in positions from which they could view him naked in the shower. Whether such allegations are sufficient or not in the abstract, any claim is frivolous here in light of the undisputed fact that Johnson had access to a shower curtain that would have provided cover, and voluntarily chose to forgo it. *See Pillay v. I.N.S.,* 45 F.3d 14, 17 (2d Cir.1995).

2. The *Rooker–Feldman* doctrine provides that "inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can only occur by way of certiorari petition to the Supreme Court." *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996). The test is whether resolution of the federal claims is "inextricably intertwined" with a prior state court determination. *Id.*

Johnson presented a state court challenge to the first exposure charge, alleging retaliation. Thus, the district court is correct that he is precluded under *Rooker–Feldman* from now litigating this issue in federal court. However, Johnson challenged the second charge in state court only for ineffective assistance of counsel, and not on the ground of retaliation. Thus, the *Rooker–Feldman* doctrine is inapplicable to the second charge.

■ Nevertheless, Johnson fails as a matter of law to establish a *prima facie* retaliation claim as to this charge. Johnson "bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating factor in the prison officials' decision to discipline [him]." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996). Johnson elected to forgo the shower curtain, and thereby violated a prison regulation. Against that clear vio-

lation, Johnson provides no non-conclusory basis for a finding that the correctional officers' reports were substantially motivated by retaliatory animus. Even if Johnson had carried his burden, the defendants have shown that Johnson would likely have been subjected to the same disciplinary action "even in the absence of the protected conduct." *Id.*

The judgment of the United States District Court for the Northern District of New York is hereby affirmed.