**Jose A. NAVARRO, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 02–3019.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 1, 2002.

Before MAYER, Chief Judge,
GAJARSA, and DYK, Circuit Judges.

*ORDER*

DYK, Circuit Judge.

Jose A. Navarro responds to the issue of whether his petition for review should be dismissed as frivolous.

Navarro petitions this court for review of a Merit Systems Protection Board decision denying his request for an annuity under the Civil Service Retirement System (CSRS). In the initial decision, the administrative judge determined that Navarro was not entitled to a CSRS annuity because his service was pursuant to excepted indefinite appointments beginning on November 17, 1966 that were specifically excluded from coverage. *See Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995) (upholding OPM's statutory interpretation that indefinite appointments are excluded from Civil Service Reform Act coverage as reasonable and consistent with the governing statute, 5 U.S.C. § 8347(g)).

Navarro concedes that non-United States citizens whose appointments commenced after October 1, 1965 are not covered by the CSRS.* Because Navarro agrees with the conclusion reached by the administrative judge, dismissal is appropriate.

This court has denied suggestions for rehearing in banc in *Rosete* and in dozens of other cases that argued that *Rosete* was wrongly decided. Thus, any further attempts to argue the merits of *Rosete* are deemed frivolous and an abuse of the judicial process. Furthermore, if Navarro files another document with this court and, upon review, it is determined that the ar-

---

* Navarro appears to believe that he is entitled to relief pursuant to the Foreign Service Act. However, Navarro does not explain what relief he seeks under that act or cite any provisions that support his position.

guments are frivolous, this court will consider the imposition of monetary sanctions. *See In re Solerwitz,* 848 F.2d 1573, 1575 (Fed.Cir.1988) (counsel sanctioned for filing and maintaining frivolous appeals in air traffic controller cases that presented legal issues and fact patterns indistinguishable from those presented and decided in the precedents represented by the lead cases); *see also Pillay v. Immigration and Naturalization Serv.,* 45 F.3d 14, 17 (2d Cir.1995) (appellate court has inherent authority to dismiss appeal as frivolous when appeal presents no arguably meritorious issue for consideration); *compare Mallard v. United States Dist. Court,* 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (28 U.S.C. § 1915(d) authorizes federal courts to dismiss frivolous claim filed in forma pauperis, but there is "little doubt they would have power to do so even in the absence of this statutory provision").

Accordingly,

IT IS ORDERED THAT:

(1) Navarro's petition for review is dismissed as frivolous.

(2) Navarro's motion for leave to proceed in forma pauperis is moot.

(3) Each side shall bear its own costs.