Ying v. Holder

BIA
A095 460 193

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————

CHUN MEI YING,

> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

11-5406
NAC

———————————————————————

FOR PETITIONER: Vlad Kuzmin, Kuzmin & Associates, New York, NY.

FOR RESPONDENT: Victor M. Mercado-Santana, Trial Attorney, Office of Immigration Litigation; James A. Hunolt, Senior Litigation Counsel, *for* Stuart F. Delery, Acting Assistant Attorney General, Civil Division United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Mei Ying, a native and citizen of the People's Republic of China, seeks review of a December 6, 2011, decision of the BIA denying her motion to reopen. *In re Chun Mei Ying*, No. A095 460 193 (B.I.A. Dec. 6, 2011). The Respondent moved for summary denial of Ying's petition for review. We deny the Respondent's motion because summary denial is appropriate only in exceptional circumstances where a petition for review is "frivolous" or "presents no arguably meritorious issue." *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). However, on the merits, we also deny Ying's petition for review because the BIA did not abuse its discretion in denying her motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Although Ying's motion was indisputably untimely, there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Ying argues that there are changed conditions in China because Chinese officials knew about her recent conversion to Christianity in the United States and planned to persecute her upon her return. The BIA, however, did not err in finding that Ying failed to produce sufficient and credible evidence of changed circumstances in China.

2

The BIA was well within its discretion to decline to credit Ying's statements because she had previously been found to lack credibility in her earlier asylum proceedings. *See Qui Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (holding that the agency can decline to credit a petitioner's evidence on a motion to reopen when the petitioner was found not credible in the underlying proceedings). The BIA was also within its discretion to decline to give weight to a letter from Ying's mother that supposedly corroborated Ying's fears of persecution because the letter was an unsworn statement from an interested witness. Furthermore, there was no evidence indicating how Chinese officials could have possibly learned about Ying's recent conversion to Christianity in the United States.[1]

For the foregoing reasons, the Respondent's motion for summary denial is DENIED, and Ying's petition for review is also DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Ying also argues that the BIA ignored a letter from a friend recounting the friend's own experience with persecution. The BIA explicitly mentioned the letter in its decision, however. And, in any event, the letter did not provide any support to Ying's basic claim that Chinese officials knew about her conversion to Christianity and intended to punish her if she returned to China.

3