Molina-Hernandez v. Sessions

BIA
Straus, IJ
A099 530 448

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand seventeen.

PRESENT:
>	REENA RAGGI,
>	PETER W. HALL,
>	DENNY CHIN,
>		*Circuit Judges.*

_____

WALTER GIOVANNI MOLINA-HERNANDEZ,
>	*Petitioner,*

>	v.	15-2978
>		NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,*
>	*Respondent.*

_____

FOR PETITIONER:	Elyssa N. Williams, Glenn L. Formica, Formica Williams, P.C., New Haven, Connecticut.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jefferson B. Sessions III is substituted for Loretta E. Lynch as Respondent.

**FOR RESPONDENT:**   Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; James A. Hurley, Attorney; Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Walter Giovanni Molina-Hernandez, a native and citizen of El Salvador, seeks review of a September 11, 2015 decision of the BIA affirming a July 14, 2014 decision of an Immigration Judge ("IJ") denying Molina-Hernandez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Walter Giovanni Molina-Hernandez,* No. A099 530 448 (B.I.A. Sept. 11, 2015), *aff'g* No. A099 530 448 (Immig. Ct. N.Y.C. July 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Molina-Hernandez's petition for review. Summary denial is warranted only if a petition is frivolous. *See Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). We decline to address

2

whether this petition is frivolous. Molina-Hernandez has filed his merits brief, and so we treat the Government's motion as a response to that brief. For the following reasons, we deny the petition.

Insofar as the agency determined that Molina-Hernandez's asylum application was untimely, we lack jurisdiction to review that factual finding, retaining jurisdiction to review only constitutional claims or questions of law. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *id.* § 1252(a)(2)(D); *Weinong Ling v. Holder*, 763 F.3d 244, 246–47 (2d Cir. 2014). The statute provides, however, that an untimely asylum application "may be considered . . . if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). We need not here decide if Moline-Hernandez clears this hurdle because his petition fails on the merits.

An applicant for asylum or withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum); 1231(b)(3)(A) (withholding). The agency reasonably concluded that

3

Molina-Hernandez, whose application was based on a 2005 gang attack, failed to show that the attack was motivated, even in part, by an actual or imputed protected ground. *Cf. Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 517 (2d Cir. 2007) ("[A]n asylum applicant need not show with absolute certainty why the events occurred, but rather, only that the harm was motivated, in part, by an actual or imputed protected ground."). Molina-Hernandez testified that, as a general matter, gang members would know of his involvement in Generation 21, an anti-gang youth group. But he did not suggest, much less compel a finding, that his particular attackers acted on suspicion that he was opposed to gangs or gang violence, or that he was even a member of Generation 21 in 2005. He testified that the gang members did not say anything about Molina-Hernandez joining their gang and that he thought the gang members were angry because Molina-Hernandez's cousin had raised his voice at them. In his asylum application, he averred that the gang members suspected that he and his cousin were in a rival gang based on his cousin's tattoos.

Molina-Hernandez's brief focuses on his membership in Generation 21 and argues that it is viewed as taking an anti-gang political stance and has the particularity and social

visibility required of a particular social group. That may be so; but Molina-Hernandez was obliged to show that his membership in Generation 21 must have been "at least one central reason" for the gang members' attack. 8 U.S.C. § 1158(b)(1)(B)(i). He does not meaningfully challenge the agency's finding that he failed to do so.

The agency also reasonably denied CAT relief. Unlike asylum and withholding of removal, CAT relief does not require a nexus to any ground, but it does require the alien to show that he would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). As the BIA reasoned, Molina-Hernandez did not allege that the gang members are looking for him, and the sole attack occurred more than a decade ago. Molina-Hernandez never saw his attackers again. Molina-Hernandez cites the gang members' death threat and background evidence of anemic and corrupt governmental forces in El Salvador. But that evidence would not compel any reasonable adjudicator to conclude that, more likely than not, Molina-Hernandez will be tortured if returned to El Salvador. *See* 8 U.S.C. § 1252(b)(4)(B) (stating that the agency's "findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Molina-Hernandez's motions for a stay of removal, for oral argument, and to transfer the case to the regular argument calendar are denied as moot, as is the Government's motion for summary denial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk