Xu v. Sessions

BIA
Gordon-Uruakpa, IJ
A016 087 178

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

TING XU,
> *Petitioner,*

> v.                                                    16-3197
>                                                       NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Scott Eric Bratton, Cleveland, OH.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Kathleen Kelly Volkert, Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ting Xu, a native and citizen of China, seeks review of an August 18, 2016, decision of the BIA affirming a February 12, 2015, decision of an Immigration Judge ("IJ") denying Xu's motion to reopen his removal proceedings. *In re Ting Xu,* No. A016 087 178 (B.I.A. Aug. 18, 2016), *aff'g* No. A016 087 178 (Immig. Ct. N.Y. City Feb. 12, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Xu's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Xu has filed his merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition on the merits.

We review the BIA's denial of Xu's motion to reopen for abuse of discretion, and review the BIA's factual findings regarding country conditions under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Xu's 2014 motion to reopen was untimely because the final administrative decision was issued in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)(setting 90-day filing period for motions to reopen); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1) (same). Although this time limitation does not apply if the motion is filed to apply for asylum "based on changed country conditions" since the time of the original hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i), as discussed below, the BIA's conclusion that Xu failed to establish such a change is supported by substantial evidence, *see Jian Hui Shao*, 546 F.3d at 169.

The BIA reasonably concluded that Xu did not establish a material change in conditions in China. Xu's conversion to Christianity in 2012 was a change in his personal circumstances, not a change in country conditions that could excuse the time limitation on his motion to reopen. *See Wei*

3

*Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 273-74 (2d Cir. 2006). His new evidence discussed isolated incidents of persecution in China, which do not equate to a change in conditions, particularly given that the evidence showed similar conditions at the time of his hearing. *In re S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007)("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type."). Further, none of the evidence Xu submitted concerned his home province of Jilin. *See Jian Hui Shao*, 546 F.3d at 158-59, 163-65 (explaining that where policies vary by region, a movant has the burden of showing conditions in his home province).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4