*Zeferino Carranza v. Sessions*

BIA
Connelly, IJ
A206 471 686

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
JON O. NEWMAN
PETER W. HALL,
*Circuit Judges.*

_____

MAURICIO ZEFERINO CARRANZA,
*Petitioner,*

v.                                          **17-981**
                                            **NAC**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:**          Samuel N. Iroegbu, Albany, NY.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant
                             Attorney General; Stephen J.
                             Flynn, Assistant Director; Robert
                             M. Stalzer, Trial Attorney; Arthur

L. Rabin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, and DENIED in remaining part.

Petitioner Mauricio Zeferino Carranza, a native and citizen of Mexico, seeks review of a March 9, 2017, decision of the BIA affirming a September 9, 2016, decision of an Immigration Judge ("IJ") denying Carranza's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mauricio Zeferino Carranza,* No. A 206 471 686 (B.I.A. Mar. 9, 2017), *aff'g* No. A 206 471 686 (Batavia Sept. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The Government moves for summary denial of Carranza's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). Because Carranza has filed his merits brief, we

2

decline to address whether the petition is frivolous and instead treat the Government's motion as a response to that brief.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

**I.  Time Bar Ruling**

An asylum applicant must file an application within one year of arrival in the United States or must demonstrate, inter alia, "extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's finding that an application is untimely is limited to "constitutional claims or questions of law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). No such question is implicated here because the IJ considered Carranza's explanation that he did not apply for asylum on entering the United States because he was young and unfamiliar with U.S. immigration law, but found that it was not an extraordinary circumstance sufficient to explain

3

a delay of approximately 27 years. We dismiss the petition as to asylum because Carranza merely challenges the IJ's factual determinations, which we lack jurisdiction to review. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006).

## II. Merits

To qualify for withholding of removal, an applicant must establish that his "life or freedom would be threatened" in the country of removal on one of five statutory grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in finding that Carranza failed to establish his eligibility for asylum and withholding of removal insofar as those claims were based on the threatening actions of a cartel member. As the agency concluded, threats that cartel members would harm Carranza if he did not agree to sell drugs for the cartel did not constitute past persecution. *See Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006)

4

(recognizing that unfulfilled threats alone do not constitute persecution).

The agency did not err in finding that Carranza failed to establish a well-founded fear of future persecution because he did not prove that his fear was objectively reasonable. 8 C.F.R. § 1208.13(b)(2)(i); *Ramsameachire*, 357 F.3d at 178. He conceded that he had no proof that the cartel still existed or that its members would seek him out if he returned to Mexico. *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). His proposed particular social group of "young persons subject to potential gang or drug cartel recruitment" is not cognizable. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 586-88 (B.I.A. 2008). And Carranza's family members, including his siblings, remained unharmed in Mexico. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Moreover, Carranza did not establish eligibility for protection under the CAT because he failed to show that he is "more likely than not" to be tortured by or with the acquiescence of a government official on return to Mexico. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Although he

explained that he is afraid the drug cartel will torture and kill him if he returns, he did not demonstrate that an official of the Mexican government would acquiesce in the commission of such harm. *Id.*

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction with respect to asylum, and DENIED in remaining part with respect to withholding of removal and CAT relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6