Guaman Minchala v. Barr

BIA
Straus, IJ
A206 372 568

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand nineteen.

PRESENT:
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
MICHAEL H. PARK,
    *Circuit Judges.*

_____

STALIN GUAMAN MINCHALA, AKA
CESAR ARMANDO RAMOS,
    *Petitioner,*

v.                  18-2363
                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Glenn L. Formica, New Haven, CT.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Stalin Guaman Minchala, a native and citizen of Ecuador, seeks review of a July 11, 2018, decision of the BIA affirming a September 7, 2017, decision of an Immigration Judge ("IJ") denying Guaman Minchala's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Stalin Guaman Minchala,* No. A 206 372 568 (B.I.A. July 11, 2018), *aff'g* No. A 206 372 568 (Immig. Ct. Hartford Sept. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we grant Guaman Minchala's motion for in forma pauperis status and deny the Government's motion for summary denial because the petition for review is not frivolous. *See Pillay v. INS*, 45 F.3d 14, 15-17 (2d Cir. 1995). However, because Guaman Minchala has filed his brief, we treat the Government's motion as its brief and deny the petition on the merits.

2

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("[w]e review factual findings under the substantial evidence standard" and review de novo questions of law and the application of law to fact, including the "determination of whether a group constitutes a 'particular social group'").

**Asylum and Withholding of Removal**

To demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *In re C-T-L-*, 25 I. & N. Dec. 341, 347-48 (B.I.A. 2010) (applying "one central reason" standard to withholding). A petitioner has the burden to show either past harm rising to the level of persecution on account of a protected ground or that he has a well-founded fear of future

3

persecution on account of a protected ground.  8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

The agency did not err in finding no past persecution. Guaman Minchala alleged that his mother's friends told her that a local gang was abducting children.  To the extent that he alleged a threat, threats alone do not constitute persecution. *See Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (recognizing that unfulfilled threats alone do not constitute persecution).

Nor did the agency err in finding that Guaman Minchala did not establish a well-founded fear of future persecution. To establish asylum eligibility based on future persecution, an applicant must show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution."  *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)).  But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."  *Jian Xing Huang v. U.S. INS*,

4

421 F.3d 125, 129 (2d Cir. 2005). Guaman Minchala's fear of exploitation by La Sombra Negra lacked "solid support" in the record. *Id.* He testified that he never had any encounters with any gang members and was never threatened with future harm by anyone in Ecuador. He also testified that his grandmother informed him that the gang has overtaken large swaths of his hometown of Guapan and is known for harvesting organs, and that he would be forcibly recruited to join the gang as a deportee from the United States. But his only evidence of the scale of La Sombra Negra's influence was an article that addressed the gang's ascendancy in areas of New York and referenced "homicides and robberies" committed by the gang in Guaman Minchala's home region of Cañar and the fact that the "gang [wa]s attracting indigenous youths" in Ecuador. The agency did not err in ruling that this article did not provide "solid support" for Guaman Minchala's claim that gang members would recruit him based on his youth. *Id.*

Accordingly, Guaman Minchala failed to demonstrate an objectively reasonable fear of future harm. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i); *Ramsameachire*, 357 F.3d at 178. Because this conclusion is dispositive, we do

5

not reach the agency's alternative ruling that, even assuming an objectively reasonable fear, Guaman Minchala did not demonstrate that his fear was based on his membership in a cognizable social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Because Guaman Minchala failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burden associated with withholding of removal. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 404 (2d Cir. 2014).

**CAT Protection**

An applicant for CAT relief must show that it is more likely than not that he will be tortured. *See* 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the likely harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture

6

shall be considered, including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3). To meet his burden of proof, an applicant for CAT relief must establish that someone in his "particular alleged circumstances" is more likely than not to be tortured in the country designated for removal. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

The agency did not err in ruling that Guaman Minchala failed to prove that he would more likely than not face torture in Ecuador. First, his argument fails for the same reason that his asylum and withholding claims were rejected: he did not establish an objectively reasonable fear of future harm amounting to persecution, let alone torture. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Second, to the extent his claim is based on additional facts, he testified that his grandmother warned him that gangs were harvesting children's organs and alleged a likelihood of retaliation for not joining a gang. None of his country

conditions evidence, however, describes incidents of organ harvesting in Ecuador or establishes that La Sombra Negra targets children for recruitment with the acquiescence of public officials.  Accordingly, Guaman Minchala provided no evidence that someone in his "particular alleged circumstances" is more likely than not to be tortured.  *Mu-Xing Wang*, 320 F.3d at 144.

For the foregoing reasons, Guaman Minchala's motion for in forma pauperis status is GRANTED and the Government's motion for summary denial is DENIED because the petition is not frivolous.  Having construed the Government's motion as its brief and having completed our review of the merits, however, the petition is DENIED and Guaman Minchala's motion for a stay of removal is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="padding-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>