Ashif v. Barr

BIA
Poczter, IJ
A205 014 432

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

KHONDOKER ZUBAIR ASHIF,
> *Petitioner,*

> v.                                            18-3760
>                                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel,
                         Katherine A. Smith, Trial
                         Attorney, Office of Immigration
                         Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Khondoker Zubair Ashif, a native and citizen of Bangladesh, seeks review of a November 28, 2018, decision of the BIA affirming an October 27, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khondoker Zubair Ashif*, No. A205 014 432 (B.I.A. Nov. 28, 2018), *aff'g* No. A205 014 432 (Immig. Ct. N.Y. City Oct. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the government moves for summary denial and to stay briefing. Rather than determine if the petition is frivolous as required for summary denial, *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995), we construe the government's motion as an opposition brief and deny the petition on the merits.

Ashif did not allege past persecution, and thus had the burden to establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). This showing "requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire*, 357 F.3d at 178. A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). On the other hand, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Having done so, we find no error in the agency's determination

3

that Ashif failed to demonstrate an objectively reasonable fear of future persecution.

Ashif asserts that following his arrival in the United States he was falsely chargedwith murder in Bangladesh, and that if he returns, the Bangladeshi authorities will arrest and torture him. But while Ashif presented evidence showing that he is in fact being prosecuted in a criminal case in Bangladesh, his evidence also suggests that he is receiving adequate protections, in that a warrant was issued, he has an attorney, and three of his co-defendants there were arrested but released on bail. Moreover, although the country conditions reports cited by Ashif reflect a politicized and sometimes corrupt judiciary, as well as court backlogs, arbitrary and warrantless arrests by security forces, and unjustified detentions of opposition leaders, Ashif has presented no evidence to suggest that he himself would be subject to such measures, particularly since he was not an opposition leader. Accordingly, his fear based on these general country conditions is speculative at best. *See Jian Xing Huang*, 421 F.3d at 129.

4

Significantly, Ashif did not allege that his brother or any of his other codefendants have suffered any physical harm while awaiting trial in Bangladesh. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1997) (holding that lack of harm to similarly-situated family members undermines objective reasonableness of applicant's fear). And Ashif's demonstrated lack of knowledge about the details of his case, and lack of action beyond hiring an attorney, further supports the conclusion that he lacks a reasonable fear of persecution in connection with his pending criminal charges.

Since Ashif's failure to demonstrate an objectively reasonable fear of persecution is dispositive of his requests for asylum, withholding of removal, and CAT relief, *see Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010), the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5