Salhan v. Garland

BIA
A206 036 016

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
>> *Circuit Judges.*

_____

JATINDER SALHAN,
>*Petitioner*,

v.                                                      20-769
                                                        NAC

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:            Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:            [VACANT], Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel, Jeffrey R. Meyer, Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Salhan, a native and citizen of India, seeks review of a February 5, 2020, decision of the BIA denying his motion to reopen. *In re Jatinder Salhan,* No. A 206 036 016 (B.I.A. Feb. 5, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Salhan's petition for review. Rather than determine if the petition is frivolous as required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

We review the denial of a motion to reopen for abuse of discretion and the BIA's determination of country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Salhan asserted that Congress Party members and

Bharatiya Janata Party ("BJP") workers went to his family's home in India to learn his whereabouts and they beat his father on account of Salhan's affiliation with the Akali Dal Mann Party. He documented this claim with his own written statement, an affidavit from his uncle, and background evidence of conditions in India.

It is undisputed that Salhan's 2019 motion was untimely because he filed it more than two years after his removal order became final in 2017. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although this time limitation does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality" that are material to the applicant's asylum claim, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), Salhan did not satisfy this exception.

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was

3

found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) ("[E]vidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application."). The BIA did not err in concluding that Salhan's new evidence failed to overcome the underlying adverse credibility determination. That evidence did not address the findings that formed the basis for the adverse credibility determination—*i.e.*, Salhan's vague recollection of his activities on behalf of the Alkali Dal Mann Party and his evasive and nonresponsive statements during his individual hearing. *See Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3. Moreover, Salhan's country conditions evidence, which included a State Department report and news articles, did not directly address violence between political parties or conditions in his home state of Punjab for members of his political party. Absent evidence to overcome the underlying adverse credibility determination, the BIA did not abuse its discretion in denying Salhan's

4

untimely motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

5