20-3096
Lema-KaJuana v. Garland

BIA
Wright, IJ
A206 369 531

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-three.

PRESENT:
 RAYMOND J. LOHIER, JR.,
 MYRNA PÉREZ,
 ALISON J. NATHAN,
  *Circuit Judges.*

_____

MARIA GLADIS LEMA-KAJUANA,
 *Petitioner,*

 v.                                                          20-3096
                                                             NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:        Michael Borja, Esq., Jackson
                       Heights, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant
                       Attorney General; Janice K.

Redfern, Senior Litigation Counsel; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Gladis Lema-Kajuana, a native and citizen of Ecuador, seeks review of an August 14, 2020 decision of the BIA affirming an August 14, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Gladis Lema-Kajuana*, No. A 206 369 531 (B.I.A. Aug. 14, 2020), *aff'g* No. A 206 369 531 (Immig. Ct. N.Y. City Aug. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*,

762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law *de novo*).  In lieu of filing a brief, the Government has moved for summary denial of the petition for review.  Rather than determine if the petition is frivolous as is required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

To qualify for asylum or withholding of removal, an applicant must show persecution because of a protected ground, and "the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted).  The agency concluded that Lema-KaJuana established neither membership in a cognizable social group nor that Ecuadorian authorities would be unable or unwilling to protect her.  We decline to reach the first ground because of the change in the law since the time of the agency's decision.  *See Matter of A-B-*, 28 I. & N. Dec. 307

3

(A.G. 2021). However, we find no error in the agency's second and dispositive ground.

Substantial evidence supports the agency's conclusion that Ecuadorian authorities were not unable or unwilling to protect Lema-KaJuana from her former boyfriend. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (placing burden of proof on applicant). "[T]o demonstrate persecution based on private party violence, an alien must show either that the government condoned the action or, even if it did not, that it was completely helpless to protect the victims." *Scarlett*, 957 F.3d at 332. The record does not support such a finding.

To the contrary, Lema-KaJuana stated that the police apprehended her former boyfriend and detained him for two days until he paid bond, after her parents called to report his assault of her. When her former boyfriend found her in Quito weeks later and grabbed her, he released her when she threatened to call the police. Absent evidence of the government condoning her persecution, or being helpless in preventing it, we decline to conclude that the agency erred. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would

4

be compelled to conclude to the contrary."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Lema-KaJuana abandoned her CAT claim by not arguing it aside from a conclusory statement in her opposition to the Government's motion for summary denial. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to the argument"). Moreover, the CAT claim fails on the same grounds as asylum and withholding because a CAT applicant must show that it is "more likely than not" that she will be tortured upon removal to a country or that authorities in that country will acquiesce to her torture. 8 C.F.R. § 1208.16(c)(4); *see also id.* § 1208.18(a)(1).

For the foregoing reasons, the motion for summary denial is CONSTRUED as the Government's brief, and the petition for

review is DENIED.  All other pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court