Yu v. Sessions

BIA
Loprest, IJ
A200 165 457

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand eighteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

FENG YU,
> *Petitioner,*
> v.                                      17-750
>                                         NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Alexander G. Rojas, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Jeffrey R.
                       Meyer, Imran R. Zaidi, Attorneys,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Yu, a native and citizen of the People's Republic of China, seeks review of a February 17, 2017, decision of the BIA affirming a February 9, 2016, decision of an Immigration Judge ("IJ") denying Yu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Yu,* No. A 200 165 457 (B.I.A. Feb. 17, 2017), *aff'g* No. A 200 165 457 (Immig. Ct. N.Y. City Feb. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Yu's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Yu has filed his merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

2

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Yu had the burden of proving a well-founded fear of persecution on account of either his political activism with the U.S. branch of the China Democracy Party ("CDP") or his practice of Christianity in the United States. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). To do this, he was required to show that he subjectively feared persecution and that his fear was objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The objective component can be satisfied either by establishing "a reasonable possibility that [he] would be singled out individually for persecution . . . or "a pattern or practice . . . of persecution of a group of persons similarly situated

to the applicant . . . ." 8 C.F.R. § 1208.13(b)(2)(iii); *Y.C.*, 741 F.3d at 332.

To demonstrate that he would be individually targeted for persecution, Yu first had to show a reasonable possibility that Chinese authorities were either already aware, or likely to become aware, of his religious or pro-democracy activities. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The agency was permitted to discount letters from Yu's mother and brother in China describing Chinese police visits. *Y.C.*, 741 F.3d at 334. Absent the letters, the agency reasonably concluded that the possibility that Chinese officials would be aware of Yu's activities based on his participation in protests or publication of online articles was too speculative to warrant relief. *See id.* (Chinese government's monitoring of internet postings does not mean that it "is aware of every anti-Communist or pro-democracy piece of commentary published online."); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," an applicant's fear of future persecution is "speculative at best").

4

Regarding Yu's pattern or practice claim, the agency reasonably concluded that he was not similarly situated to CDP members who were arrested because those members were more politically active than Yu and engaged in activities in China, whereas Yu joined the CDP in the United States. *Y.C.*, 741 F.3d at 334-37. And the agency reasonably relied on the State Department's 2013 religious freedom report, which reflects that the Chinese government's policies toward Christians and underground churches vary by province and does not include any reports of arrests in Yu's home province (Jilin), to conclude that Yu did not establish a pattern or practice of persecution of similarly situated Christians. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-62, 174 (2d Cir. 2008) (upholding BIA's requirement that applicant demonstrate that officials in his local area enforce a government policy when evidence demonstrates local variations in enforcement of that policy).

Because Yu failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). We do not address the

timeliness of the asylum application or the agency's firm resettlement finding because the burden determination is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, we reject Yu's due process argument. Yu contends that the IJ deprived him of due process by stating the following immediately before issuing his oral decision: "I feel that if I actually were to stretch things and grant relief, I think that the Department would have grounds for appeal and that they'd succeed. So in, other words, it wouldn't do any good to try to push it any other way." Taken in context, however, it is clear that the IJ's remarks were intended to explain his decision to deny relief because Yu had not met his evidentiary burden. For instance, the IJ also stated, "I don't think Mr. Yu's case, the evidence presented meets his burden to demonstrate eligibility for asylum under our country's laws. And for that reason I do feel that the application needs to be denied." The IJ did

6

not consider any improper factors or deny Yu a full and fair hearing.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the Government's motion for summary denial is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court