Reina Murcia v. Whitaker

BIA
Verrillo, IJ
A206 779 037

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand nineteen.

PRESENT:
DENNIS JACOBS,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

ROXANA GUADALUPE REINA MURCIA,
*Petitioner*,

v.                                                17-2991
                                                  NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Julie M.
                         Iversen, Senior Litigation
                         Counsel; Robert Michael Stalzer,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roxana Guadalupe Reina Murcia, a native and citizen of El Salvador, seeks review of a September 5, 2017, decision of the BIA affirming a January 3, 2017, decision of an Immigration Judge ("IJ") denying Reina Murcia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Roxana Guadalupe Reina Murcia,* No. A 206 779 037 (B.I.A. Sept. 5, 2017), *aff'g* No. A 206 779 037 (Immig. Ct. Hartford Jan. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Reina Murcia's petition for review. Rather than determine if the petition is frivolous as is required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen*

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's adverse credibility determination under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For applications such as Reina Murcia's, governed by the REAL ID Act of 2005, the adverse credibility standard is as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency reasonably relied on inconsistencies among Reina Murcia's testimony, documentary evidence, and credible fear interview in finding her not credible, which considered together, provide substantial evidence for the adverse credibility determination. *See Hong Fei Gao v. Sessions*, 891 F.3d 67,

3

77-78 (2d Cir. 2018) ("The REAL ID Act does not erase our obligation to assess whether the agency has provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." (internal quotation marks omitted)).

First, the agency reasonably relied on an inconsistency between Reina Murcia's testimony at the merits hearing and the record of her credible fear interview regarding whether her abuser lived with her parents.[1] Reina Murcia stated at her interview that her boyfriend moved in with her and her parents, but she later testified that she lived with him in a town that was five hours by bus from her parents' home.

Second, the agency also reasonably relied on Reina Murcia's inconsistent statements regarding her boyfriend's relationship with another woman. At her credible fear

---

[1] While Reina Murcia objected to the reliability of the credible fear interview during her initial hearing before the IJ, she did not renew this objection before the BIA, or before this Court. For that reason, any issue with the use of the credible fear interview is deemed unexhausted and waiver. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioners to exhaust issues before the BIA); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nevertheless, we find the agency did not err by relying on the record of the credible fear interview because it "displays the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

interview, Reina Murcia stated that her boyfriend hit her because she caught him with another woman and discovered that the woman was pregnant with her boyfriend's child. However, she testified that she did not find them together and did not know of a pregnancy.

Third, the agency reasonably relied on an inconsistency between Reina Murcia's testimony and her doctor's letter regarding when the abuse began. A 2016 letter from her doctor stated that Reina Murcia received medical treatment for injuries beginning in December 2013. In contrast, she testified that her boyfriend first hit her three months after they started dating, i.e., in February or March 2014.

Finally, the agency reasonably relied on an inconsistency between Reina Murcia's testimony and her father's letter regarding whether her parents witnessed the abuse. Her father's letter states, "I express that sometimes I witnessed the bad mistreatment she received." But Reina Murcia testified that her father never saw her boyfriend hit or mistreat her.

Reina Murcia was asked to explain all four inconsistencies. However, the agency was not required to accept her explanations, as none of them actually resolved

5

the inconsistencies, let alone compelled her view. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). Moreover, as the BIA noted, her documentary evidence did not rehabilitate her credibility because it conflicted with her testimony. *Cf. Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the inconsistencies, the totality of the circumstances supports the agency's adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Reina Murcia's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the motion for summary denial is CONSTRUED as the Government's brief and the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

6

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7