Kandel v. Barr

BIA
Nelson, IJ
A205 726 059

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty.

PRESENT:
     JON O. NEWMAN,
     JOHN M. WALKER, JR.,
     SUSAN L. CARNEY,
       *Circuit Judges.*

_____

YAM LAL KANDEL,
     *Petitioner,*

     v.                       **18-2796**
                                  **NAC**

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:        Jason Schaffer, Mungoven & Associates, P.C., New York, NY.

FOR RESPONDENT:       Joseph H. Hunt, Assistant Attorney General; Derek C. Julius, Assistant Director; Regina Byrd,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yam Lal Kandel, a native and citizen of Nepal, seeks review of an August 23, 2018, decision of the BIA affirming an August 9, 2017, decision of an Immigration Judge ("IJ") denying Kandel's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yam Lal Kandel,* No. A 205 726 059 (B.I.A. Aug. 23, 2018), *aff'g* No. A 205 726 059 (Immig. Ct. N.Y. City Aug. 9, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Kandel's petition for review. Summary denial is warranted only if a petition is frivolous. *See Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). We decline to address whether this petition is frivolous. Kandel has filed his merits brief, and so we treat the Government's motion as

2

a response to that brief.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo).

To establish asylum eligibility, an applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). If the applicant is found to have suffered past persecution, he is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 1208.13(b)(1). Kandel alleged that Maoists assaulted him in 2004 because he supported the Nepali Congress Party and that they would harm him again if he returns to Nepal. As set forth below, the agency did not err in denying asylum and withholding of removal because Kandel's past harm did not rise to the level of persecution

3

and he did not establish that he could not reasonably relocate withing Nepal.

Past Persecution

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). Persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341).

The agency did not err in finding that Kandel's past harm did not rise to the level of persecution because there was only one attack, it lasted approximately a minute, and Kandel

4

did not require any medical attention after this incident. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (upholding agency's decision that applicant did not suffer past persecution when, "prior to his arrest and detention by local police, he suffered only minor bruising . . . , which required no formal medical attention and had no lasting physical effect"); *cf. Beskovic*, 467 F.3d at 226 ("The BIA must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."). Moreover, although Kandel testified that his wife was assaulted in 2016, her harm is not persecution of him, particularly as he was in the United States when this alleged incident occurred. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic.").

5

Fear of Future Persecution

Absent a finding of past persecution, an applicant may establish asylum eligibility based on a fear of future persecution, but the applicant must show that "he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Although a fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). An applicant has not established a well-founded fear of future persecution "if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *see id.* § 1208.13(b)(3)(i) ("In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for

6

him or her to relocate, unless the persecution is by a government or is government-sponsored."). In determining whether internal relocation is reasonable, the agency "consider[s] . . . whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 1208.13(b)(3). As the Government argues, the agency did not err in concluding that Kandel failed to establish that internal relocation was unreasonable.

The agency reasonably determined that Kandel could internally relocate within Nepal because he lived unharmed in Kathmandu for approximately a year between his return from Saudi Arabia in March 2011 and his departure for the United States in March 2012. The agency reasonably determined that the higher cost of living in Kathmandu did not preclude Kandel from relocating his family when Kandel previously afforded living in Kathmandu and Kandel could also relocate to another area of Nepal that was less expensive. Although Kandel

7

testified that he could not live in Kathmandu because the Maoists would find him, the agency was not required to accept this assertion because the Maoists had not previously found him while he was living in Kathmandu. Moreover, the country conditions evidence does not show that Maoists are currently engaged in violent acts against Nepali Congress Party supporters. Kandel's evidence includes an article reporting that a Maoist leader sided with members of the Nepali Congress Party in supporting the new constitution, and other articles discussing a power sharing deal between the Maoist party and the Nepali Congress Party. There is limited evidence regarding a breakaway Maoist faction, and no evidence that they have targeted Nepali Congress Party members. *See Jian Xing Huang*, 421 F.3d at 129 (holding that a fear is not objectively reasonable if it lacks "solid support" in the record).

In sum, because Kandel did not suffer past harm rising to the level of persecution or show that relocation was unreasonable, he did not meet his burden for asylum or withholding of removal. *See* 8 C.F.R. § 1208.13(b)(1), (b)(2)(ii); *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

8

Kandel does not challenge the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court