22-61
*Kim v. Lee*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

PRESENT:

   DENNIS JACOBS
   DENNY CHIN,
   BETH ROBINSON,
      *Circuit Judges.*

_____

MOONSUNG KIM,

   *Plaintiff-Appellant,*

    v.            No. 22-61

DIANE H. LEE, THE LAW OFFICES OF DIANE H. LEE, THE KOREA CENTRAL DAILY NEWS, INC., AKA THE KOREA DAILY NEW YORK, JOONG-ANG DAILY NEWS CALIFORNIA, INC.,*

   *Defendants-Appellees.*

_____

 * The Clerk of Court is directed to amend the caption of the case as set forth above.

FOR PLAINTIFF-APPELLANT:  Ryan J. Kim, Ryan Kim Law, P.C., Fort Lee, NJ.

FOR DEFENDANTS-APPELLEES LEE & THE LAW OFFICES OF DIANE H. LEE:  ROBERT M. PETTIGREW, White and Williams LLP, Newark, NJ.

FOR DEFENDANTS-APPELLEES THE KOREA CENTRAL DAILY NEWS & JOONG-ANG DAILY NEWS CALIFORNIA:  GALEN C. BAYNES (Louis Pechman, *on the brief*), Pechman Law Group PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Moonsung Kim appeals from a judgment entered on December 22, 2021, in the United States District Court for the Southern District of New York (Liman, *J.*) dismissing his retaliation claims for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Kim alleges that while working for The Korea Central Daily News, Inc. ("KCD"), he was not paid for certain overtime hours. Kim sued KCD and its

parent company Joong-Ang Daily News California, Inc. (together, the "KCD Defendants") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") seeking payment of those wages. *See Lee v. Korea Central Daily News, Inc.*, No. 2018-cv-3799 (E.D.N.Y.) (the "Wage Case"). He alleges that during the course of that litigation, attorney Diane Lee, while serving as outside counsel for the KCD Defendants, repeatedly asked Kim threatening questions in his deposition about his keeping copies of documents belonging to KCD following his employment. He also alleges that, at the direction of KCD Defendants, counsel filed frivolous counterclaims against him for retaining copies of files from KCD after the termination of his employment.[1]

Kim filed this separate action for retaliation under the FLSA and NYLL against Defendants-Appellees Diane H. Lee and the Law Offices of Diane H. Lee (together, "Lee Defendants"), and the KCD Defendants. *See* 29 U.S.C. §§ 215(a)(3),

---

[1] After Kim's deposition on August 21, 2020, KCD amended its answer to assert three counterclaims for (1) breach of fiduciary duties, (2) theft and misappropriation of confidential information, and (3) breach of contract. Wage Case, Dkt. 22. At a subsequent conference, the magistrate judge ruled, in essence, that the answer was not properly filed and directed KCD to move for leave to file an amendment. Wage Case, Dkt. 37 at 23–26. After KCD filed a motion to assert the three counterclaims, the magistrate judge recommended that the motion be granted as to the first counterclaim but denied as to the second and third counterclaims for lack of supplemental jurisdiction. Wage Case, Dkt. 38 at 10–14. The district court adopted the recommendations. Wage Case, Dkt. 39. Although KCD's motion to amend was denied as to the second and third counterclaims, for purposes of this action, we consider whether their mere filing was retaliatory.

216(b); N.Y. Lab. Law § 215.  He contends that because the deposition questions and attempted counterclaims against him were objectively baseless, the KCD Defendants and the Lee Defendants are liable for unlawful retaliation.  The district court dismissed Kim's retaliation claims concluding that Lee's deposition questions and the counterclaims in the Wage Case were not objectively baseless. *Kim v. Lee*, 576 F. Supp. 3d 14, 32 (S.D.N.Y. 2021).  The district court also rejected Kim's argument that the Lee Defendants were "employers" for purposes of his unlawful retaliation claim against the Lee Defendants.  *Id.* at 26.

On appeal, Kim contends that he alleged actionable retaliatory conduct; in particular, he argues that the deposition questioning was threatening and retaliatory, and his employer's counterclaims against him for theft and breach of contract were retaliatory and objectively baseless.  We disagree.  Kim's allegations fail to establish that the Defendants' litigation conduct constituted unlawful retaliation because the deposition questions fell within the scope of permissible deposition examination, and the counterclaims were not objectively baseless.[2]

---

[2] Because we affirm the district court's judgment on other grounds, we need not consider Kim's alternative argument that the district court erred in concluding that the Lee Defendants could not be liable for retaliation under the FLSA or the NYLL because they were not Kim's employers.

4

We review the grant of the Defendants' motion to dismiss without deference to the district court, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).[3]

To establish retaliation under the FLSA the plaintiff must show "(1) participation in protected activity known to the defendant, like the filing of an FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).[4] The district court concluded, and the KCD Defendants do not contest, that Kim satisfied the first prong by filing the Wage Case. The contested issue on appeal is whether Kim has satisfied the second prong by sufficiently alleging an employment action disadvantaging him.

---

[3] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

[4] The parties treat the analysis under the NYLL as coextensive with our analysis under the FLSA and have not independently briefed any arguments under the NYLL. We accordingly assume without deciding that our disposition of the retaliation claims under the FLSA is dispositive of the NYLL claims as well.

*1. The Wage Case Counterclaims*

Kim argues that in evaluating whether the counterclaims against him were frivolous, the district court erred in considering matters outside of the pleadings—namely his deposition testimony from the Wage Case that was appended to defendants' motion to dismiss. He further contends that the theft and breach of contract counterclaims were frivolous on their face. We disagree on both points.

The district court did not err in considering and relying on the deposition testimony. Kim quotes directly from the deposition transcript in his Complaint, and his claims are based in large part on the deposition questioning. In reviewing a motion to dismiss, "we may consider any written instrument attached to [the Complaint] as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014).

And we conclude that Kim failed to allege sufficient facts to support his claim that the counterclaims filed against him constituted actionable adverse conduct. Under the FLSA, an employment action disadvantages a plaintiff, and thus satisfies the second prong of the three-part test for retaliation, if "it well might

have 'dissuaded a reasonable worker from making or supporting similar charges.'" *Mullins*, 626 F.3d at 53 (quoting *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68).

Although this Court has not previously addressed the question in a precedential decision, district courts in this Circuit have held that "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context." *Romero v. Bestcare, Inc.*, No. 15-cv-7397 (JS)(GRB), 2018 WL 1702001, at *5 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted*, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018) (citing cases). We assume, without deciding, that frivolous counterclaims could well dissuade a reasonable worker from pursuing an FLSA claim. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008) (noting that "[b]ad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their [threatening] effect").

The critical question is whether any of the KCD Defendants' counterclaims are "baseless."[5] To be baseless, a counterclaim must "[h]av[e] no basis in fact or sound reason." *Baseless*, *Black's Law Dictionary* (11th ed. 2019). A claim is frivolous if it is based on an "inarguable legal conclusion" or "fanciful factual allegation." *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325–28 (1989) (recognizing the distinction between claims that fail on the merits and those that are frivolous)).

Kim has not plausibly alleged that the factual allegations in the challenged counterclaims are frivolous. In his Complaint, Kim admits that he took the documents while an employee of the KCD Defendants. The allegations in Kim's Complaint do not contradict the KCD Defendants' counterclaim allegations that the documents Kim retained included confidential or proprietary information, that he lacked permission to take the documents, and that he took them without

---

[5] Kim argues only that the KCD Defendants' counterclaims are objectively baseless and does not contend that even if the KCD Defendants' counterclaims were non-frivolous, they still constitute unlawful retaliation. For that reason, we need not decide whether and under what circumstances a non-frivolous counterclaim may constitute unlawful retaliation under section 215(a)(3). *See Nunez v. Metro. Learning Inst., Inc.*, No. 18-CV-1757(EK)(VMS), 2021 WL 1176219, at *5 (E.D.N.Y. Mar. 29, 2021) (noting that whether a non-frivolous lawsuit may qualify as actionable retaliation under the FLSA is an open question in the Second Circuit).

his employer's knowledge.[6] And Kim does not dispute that he signed a non-disclosure agreement. Given these allegations, Kim has not plausibly alleged, other than in conclusory terms, that the KCD Defendants' breach of contract claim was frivolous.

Likewise, Kim has not plausibly alleged that the KCD Defendants' counterclaim for theft and misappropriation of confidential information was frivolous. We reject Kim's argument that the district court erred in construing the counterclaim for "theft" as a claim for "conversion." The New York Court of Appeals has described "conversion" as a civil cause of action in response to a theft. *See, e.g.*, *State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 261 (2002) (noting that an owner "who belatedly discovers the *theft* of a possession would rather sue a bona fide purchaser—against whom *the conversion cause of action* accrues upon demand and refusal—than a thief . . . " (emphasis added) (citing *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 318 (1991))).

---

[6] Kim broadly states that he has alleged that the counterclaims "have no merit, even if he has not specifically denied each of the allegations in the [c]ounterclaims," and notes that he never filed an answer to the counterclaims because the "court in the Wage Case held that [they] could not be filed." Appellant's Br. at 31–32. However, the purpose of the Complaint is to plead a claim on which relief can be granted—if a plaintiff fails to do so, dismissal is proper. *See* Fed. R. Civ. P. 12(b)(6). Other than generally alleging that the counterclaims were "groundless," and had no merit—both legal conclusions—Kim did not plausibly allege any facts contradicting the factual basis for the counterclaims.

And we likewise reject Kim's contention that the counterclaim for conversion was frivolous because a claim for conversion does not lie under New York law for the copying of electronic files *not* to the exclusion of the rightful owner. Kim may ultimately be right that a claim for conversion does not apply where a defendant takes copies of documents but does not interfere with the rightful owner's possession of the documents. *See Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006) ("A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, *interfering with that person's right of possession*." (emphasis added)); *see also, e.g., Fischkoff v. Iovance Biotherapeutics, Inc.*, 339 F. Supp. 3d 408, 414–15 (S.D.N.Y. 2018) (holding that copying data without interfering with rightful owner's access to the data does not constitute conversion under New York law).

However, the district court cited two federal district court decisions and one New York state trial decision suggesting that the copying of data may constitute conversion under New York Law. *Kim*, 576 F. Supp. 3d at 33 (citing *Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 484 (E.D.N.Y. 2010)); *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 618 (S.D.N.Y. 2003); and *N.Y. Racing*

*Ass'n v. Nassau Regional Off-Track Betting Corp.*, 909 N.Y.S.2d 866, 870–71 (Sup. Ct. Nassau Cty. 2010)). The New York Court of Appeals has not issued a controlling decision on this question, and we agree with the district court that the KCD Defendants' conversion claim may rest on, at a minimum, "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Kim*, 576 F. Supp. 3d at 33.

2. *The Deposition Questions*

We likewise agree with the district court that attorney Lee's questioning during the deposition did not constitute an actionable adverse employment action. Examinations at a deposition proceed as they would at trial and can cover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 30(c), 26(b)(1). Lee's questions concerning how and why Kim was still in possession of documents belonging to his former employer were within the scope of permissible discovery, and her inquiries about whether he understood his keeping the documents to be improper or criminal were potentially germane to his credibility and conduct during his prior employment.

\* \* \*

11

We have considered the remainder of Kim's arguments and conclude that they are without merit.  Accordingly, we AFFIRM the order of the district court.

<div style="margin-left:auto">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>