22-6067
Singh v. Garland

BIA
Schoppert, IJ
A208 196 271

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day August, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

AVTAR SINGH,
> *Petitioner,*

v.                                                      **22-6067**
                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**           Bryan Boynton, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Avtar Singh, a native and citizen of India, seeks review of a January 25, 2022 decision of the BIA affirming a January 8, 2020 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Avtar Singh,* No. A208 196 271 (B.I.A. Jan. 25, 2022), *aff'g* No. A208 196 271 (Immig. Ct., N.Y. City Jan. 8, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government has moved for summary denial of the petition for review. Rather than determine if the petition is frivolous as is required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

2

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination under "the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891

F.3d at 76.

Here, substantial evidence supports the IJ's adverse credibility determination. Singh, a Sikh and a supporter of the Shiromani Akali Dal Amritsar Party, also known as the Mann Party, alleged he was attacked by members of an opposition party. The agency reasonably relied on inconsistencies related to the attack and its aftermath. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh asserted in a written statement that four members of the Shiromani Akali Dal Badal Party attacked him, but he later testified that the attack was directed by a member of the ruling Bharatiya Janata Party. He testified that police never looked for him after he left India, but his wife's letter stated that police visited their home. And his claim that the police threatened him and his father with detention was undercut by earlier testimony that there was no threat of physical harm and was not rehabilitated with corroborating evidence because his father's letter did not mention the threat of detention.

The adverse credibility determination was bolstered by the lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant

unable to rehabilitate testimony that has already been called into question."). As the IJ found, the letters from Singh's wife and father contained identical language and, as noted above, were either inconsistent with Singh's statements or did not corroborate details of his claim. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his Court . . . has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'").

The inconsistencies and the lack of reliable corroboration provide substantial support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief are all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court